JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DIAZ

(b) County of Residence of First Listed Plaintiff: Bucks County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

**DEFENDANTS**
ENCORE RECEIVABLES MANAGEMENT, INC., DOES 1 THROUGH 10

County of Residence of First Listed Defendant: Olathe, KS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
FDCPA Claim

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE: 2/17/16 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 400 N. Rogers Rd. Olathe, KS 66063-3360

Place of Accident, Incident or Transaction: Bucks County

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY*:

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Eric Rayz, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

**DATE:** 2/17/16 ______ Attorney-at-Law 87976 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 2/17/16 ______ Attorney-at-Law 87976 Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

DIAZ : CIVIL ACTION

v. :

ENCORE RECEIVABLES MANAGEMENT, INC., et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 2/17/16 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PEGGY DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant(s) | **Class Action Complaint**<br><br>Civil Action No.<br><br>Jury Trial Demanded |

Plaintiff Peggy Diaz (hereinafter "Plaintiff") on behalf of herself individually, and on behalf of all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

## II. THE PARTIES

5. Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Bucks County.

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. Defendant ENCORE RECEIVABLE MANAGEMENT, INC. (hereinafter "Defendant") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8. Upon information and belief, Defendant is organized under the laws of the State of Kansas and maintains its principal place of business address at 400 N. Rogers Road, Olathe, Kansas 66062.

9. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

10. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

11. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA, and operates its debt collection enterprise from the same address.

12. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

13. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

## III. JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

15. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

a. Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

b. Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

## IV. STATEMENT OF CLAIMS

### A. BACKGROUND

16. In March of 2015, Defendant sent Plaintiff a letter, dated March 5, 2015, regarding Plaintiff's alleged consumer debt of $3,207.00 (hereinafter "Letter"). A true and correct copy of the letter (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

17. The Letter was an attempt to collect a delinquent consumer debt that was incurred during the course of personal medical treatment; specifically, a healthcare financing credit card – "Care Credit."

18. The Letter was mailed in an envelope and certain portions of the Letter were

visible through a glassine window, appearing as follows:

19. The redaction – on the right, above Plaintiff's name (in the above image) – covers a bar code. This bar code contains Plaintiff's personal, identifying information and, specifically, a numerical sequence which is Plaintiff's "Encore Account #."

20. Indeed, the information that appeared in the bar code at issue was associated solely with Plaintiff.

21. Bar codes can be easily deciphered, using widely-available free applications for "smart" phones or other mobile devices. In fact, many consumers have these applications already installed (and use them regularly) to enable access to the so-called "QR Codes" – a specific type of bar code used in marketing literature to direct a consumer's "smart" phones or mobile device to a website merely by scanning the code. Thus, many consumers have installed various bar code readers/applications on their phones to take advantage of the convenience offered by scanning "QR Codes." See generally http://www.bloomberg.com/bw/articles/2012-12-17/how-the-bar-code-took-over-the-world, last visited on February 1, 2016; http://www.scanlife.com/news/report-shows-scanbuy-processed-over-21-million-mobile-barcode-scans-in-q2-2, last visited on February 1, 2016.

22. Thus, anyone could scan the bar code contained in the Letter, which was clearly

visible through the glassine window, and gain personal information about Plaintiff.

23. By disclosing Plaintiff's personal, identifying information on an envelope sent through U.S. mail, Defendant significantly increased the risk that Plaintiff would be a victim of identity theft.

24. Section 1692(f)(8) of the FDCPA specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

25. The disclosure of Plaintiff's personal, identifying information on the face of the envelope violated Section 1692(f)(8). See Douglass, et al. v. Convergent Outsourcing, 765 F.3d 299 (3rd Cir. 2014); see also Berry v. ARS National Services, Inc., 2015 WL 9315993 (E.D.Pa. 2015); Kostik v. ARS National Services, Inc., 2015 WL 4478765 (M.D.Pa. 2015).

26. As described herein, Defendant's actions violated the applicable provisions of the FDCPA.

27. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

28. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

29. Plaintiff and the Class she seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

30. Plaintiff and the Class she seeks to represent have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and a class of similarly-situated

individuals pursuant to Fed.R.Civ.P. 23, defined as follows: all natural persons in the territorial jurisdiction of the U.S. Court of Appeals for the Third Circuit, with a "Care Credit" account, who were sent correspondence with "Encore Account #" visible on the face of the envelope, during the statutory period covered by this Complaint.

32. The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of in the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

33. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

34. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

35. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA. In addition, Defendant is likely to continue to violate this statute.

36. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual

members of the Class and provide for judicial consistency.

37. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

a. Whether Defendant disclosed debtor's "Encore Account #" on the face of the mailing envelope;

b. Whether Defendant violated 15 U.S.C. § 1692f; and

c. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

38. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**COUNT I**
**FDCPA**

40. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

41. Defendant is a "debt collector" as that term is defined under the FDCPA.

42. An attempt to collect upon a debt incurred during the course of personal medical treatment falls within the scope of the FDCPA. See Pipiles v. Credit Bureau, Inc., 886 F.2d 22 (2nd Cir. 1989); Adams v. Law Offices of Stuckert & Yates, 926 F.Supp 521 (E.D.Pa. 1996).

43. As described herein, the actions of Defendant violate the applicable provisions of

the FDCPA.

44. Defendant's violations with respect to its collection efforts, include but are not limited to, using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

45. As a result of Defendant's violations of the FDCPA, Plaintiff and the members of the Class have suffered damages in an amount to be determined at trial.

## V. CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a) A Declaration that Defendant has violated the applicable provisions of the FDCPA;

(b) An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

(c) An Order appointing Plaintiff and her counsel to represent the Class(es);

(d) An Order enjoining Defendant from any further violations of the FDCPA;

(e) Actual damages;

(f) Statutory damages;

(g) Attorneys' fees and costs; and

(h) Such other relief as the Honorable Court shall deem just and appropriate.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Date: February 17, 2016

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff(s) and the Proposed Class(es)

# EXHIBIT "A"

P.O. Box 48458
Oak Park, MI 48237

Encore

Receivable Management, Inc.

A CONVERGYS COMPANY

400 N Rogers Rd * PO Box 3330 * Olathe KS 66063-3330
Telephone: 866-247-1087

ADDRESS SERVICE REQUESTED

March 05 2015

PEGGY DIAZ

| | |
|---|---|
| **Creditor:** | **Synchrony Bank** |
| Re: | CARECREDIT |
| For Account Ending in: | |
| Encore Account #: | |
| Total Account Balance: | $3,207.00 |

Dear PEGGY DIAZ:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to obtain payment of this debt. As of this date, those attempts have not been successful.

Note: As of the date of this letter, you owe $3,207.00. Your balance due on the day you pay may be greater than the current balance listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement. For further information, call or write us.

Please detach the lower portion of this notice and return with your payment in the enclosed envelope or call us at the above number if you would like to make a payment using a check by telephone. You can also log on and pay at www.mysynchrony.com.

Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to Encore at the address listed below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

ENCORE RECEIVABLE MANAGEMENT, INC. ● 400 N Rogers Rd. ● PO Box 3330 ● Olathe KS 66063-3330 ● 866-247-1087

***** Detach Lower Portion and Return With Payment *****

| | |
|---|---|
| **Creditor:** | **Synchrony Bank** |
| Re: | CARECREDIT |
| For Account Ending in: | |
| Encore Account #: | |
| Total Account Balance: | $3,207.00 |

CARECREDIT
P.O. Box 960061
Orlando FL 32896-0061

PEGGY DIAZ